No. 25-7442

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CALIFORNIA COASTAL COMMISSION
*Petitioner*,

v.

SURFACE TRANSPORTATION BOARD, UNITED STATES OF AMERICA, *et al*.
*Respondents*,

MENDOCINO RAILWAY
*Intervenor*.

**CALIFORNIA COASTAL COMMISSION'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF**

ROB BONTA
  *Attorney General of California*
DANIEL A. OLIVAS
  *Senior Assistant Attorney General*
DAVID G. ALDERSON
  *Supervising Deputy Attorney General*
PATRICK TUCK
  *Deputy Attorney General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1006
Fax: (510) 622-2270
Patrick.Tuck@doj.ca.gov
  *Attorneys for Petitioner*

March 5, 2026

## MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Pursuant to Ninth Circuit Rule 31-2.2(b), Petitioner California Coastal Commission ("Coastal Commission") submits this written motion for an extension of time to file its opening brief, currently due on March 16, 2026, for an additional 30 days, up to and including April 15, 2026.

The Coastal Commission requests this extension due to the following circumstances. The Coastal Commission is evaluating whether to proceed with its petition in light of a recent decision issued on February 19, 2026, by Respondent Surface Transportation Board (STB) in a separate proceeding involving Intervenor Mendocino Railway. *See Great Redwood Trail Agency-Adverse Abandonment-Mendocino Ry. in Mendocino Cnty., Cal.*, No. AB 1305 (SUB-1), 2026 WL 483167 (Feb. 19, 2026) ("GRTA Decision"). In the GRTA Decision, the STB analyzed Mendocino Railway's potential connection to the interstate rail network and other aspects of Mendocino Railway's operations that likely affect the Coastal Commission's main arguments on appeal.

Specifically, the Coastal Commission is seeking review of the STB's declaratory order here mainly on the basis that the STB failed to consider whether Mendocino Railway provides transportation "as part of the interstate rail network." Petition for Review, p. 2. In the GRTA Decision, the STB addressed this topic, finding that the Mendocino Railway line is connected to the interstate rail network

2

through its connection to the embargoed GRTA line. GRTA Decision, at 9-10. The Coastal Commission is evaluating whether the STB's analysis should cause it to voluntarily dismiss its petition here.

The Coastal Commission is a public body with 12 voting members, and any decision to dismiss this case would need to be made at a noticed public meeting. The next Coastal Commission meeting following the STB's recent GRTA Decision is scheduled for March 11 and 12, which is only a few days before the existing March 16 due date for the opening brief.  If there is no extension, then counsel for the Commission must continue its preparation of the brief until the decision is made, so that counsel would be prepared to file if the case were not dismissed.   If the Commission did in the end choose to dismiss the case, the result would have been a substantial and unnecessary waste of public resources.

The Coastal Commission therefore respectfully requests that this Court extend the time for filing its opening brief by an additional 30 days to allow the Coastal Commission to review and consider the STB's GRTA Decision and, if necessary, complete the preparation of its opening brief following its March meeting, or file a voluntary dismissal of its petition. As discussed in the declaration of the Coastal Commission's counsel attached hereto, no party objects to this additional 30-day extension for the Coastal Commission to file its opening brief or dismiss its petition.

Dated: March 5, 2026  Respectfully submitted,

*s/Patrick Tuck*

Rob Bonta
  *Attorney General of California*
Daniel A. Olivas
  *Senior Assistant Attorney General*
David G. Alderson
  *Supervising Deputy Attorney General*
PATRICK TUCK
  *Deputy Attorney General*

## DECLARATION OF PATRICK TUCK IN SUPPORT OF PETITIONER CALIFORNIA COASTAL COMMISSION'S MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

I, Patrick Tuck, hereby declare:

I am a Deputy Attorney General employed by the State of California Department of Justice, Office of the Attorney General. I am licensed to practice before this Court. I am counsel of record for Petitioner California Coastal Commission ("Coastal Commission") in this action. I have personal knowledge of the following facts. If called upon to testify as a witness, I could and would testify competently to these facts under oath.

This declaration is submitted in support of Petitioner California Coastal Commission's Motion for Extension of Time to File Opening Brief in the matter of

*California Coastal Commission v. Surface Transportation Board, et. al*, No. 25-7442, and as required by Ninth Circuit Rule 31-2.2(b).

The Coastal Commission's opening brief in this matter is currently due on March 16, 2026, following the granting of a streamlined extension of 30 days on February 9, 2026. The opening brief was first due on February 13, 2026. In its motion, the Coastal Commission requests an additional extension of 30 days, to and including April 15, 2026, to file its opening brief.

The extension is necessary in light of Surface Transportation Board's (STB) February 19, 2026 decision in the related adverse abandonment proceeding ("GRTA Decision"). The Coastal Commission is deciding whether to proceed with its petition in this matter following the issuance of the GRTA Decision. The Coastal Commission is primarily seeking review of the STB's declaratory order here because the STB failed to consider whether Mendocino Railway actually provides transportation "as part of the interstate rail network." Petition for Review, p. 2. In the GRTA Decision, the STB addressed this topic, finding that the Mendocino Railway line is connected to the interstate rail network through its connection to the embargoed GRTA line. GRTA Decision, at 9-10. The Coastal Commission is evaluating whether the STB's analysis sufficiently addresses its contentions on appeal and may direct my office to voluntarily dismiss the Commission's instant petition on that basis.

In the meantime, I have been diligently preparing the opening brief. I had a working draft prepared on February 19, 2026 when the STB issued the GRTA Decision, but would need to make significant revisions to address the findings in that decision before filing, and will need to discuss with the Commission before doing so. The first opportunity the Coastal Commission will have to consider the effect of the GRTA decision and to decide on further conduct of this case will be at the Commission's next meeting on March 11 and 12, 2026.

If the Court does not grant this extension motion the Attorney General's Office and the Coastal Commission will need in the meantime to prepare the opening brief in its entirety, as well as address the new findings from the GRTA Decision, before the Commission's upcoming meeting, where the Commission may simply decide to voluntarily dismiss the petition. This will involve multiple levels of review within the Attorney General's Office and by Coastal Commission counsel and significant revisions to the current draft of the opening brief, which could all be for naught if the petition is dismissed.

If the Court grants this extension motion, and the Coastal Commission decides to proceed with its petition following that meeting, the Coastal Commission will file its opening brief by April 15, 2026, and if it chooses to dismiss its petition, it will do so no later than March 31, 2026.

I have communicated with counsel for Respondents and counsel for Intervenor Mendocino Railway, and by email on March 4, 2026, each stated that they do not oppose to this motion. Also, the court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Oakland, California, on March 4, 2026.

_____
Patrick Tuck